Roksana D. Moradi-Brovia (Bar No. 266572)
W. Sloan Youkstetter (Bar No. 296681)
**RHM LAW LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
**Telephone:** (818) 285-0100
**Facsimile:** (818) 855-7013
roksana@RHMFirm.com
sloan@RHMFirm.com

*Attorneys for Debtor*
Special Unit Security Inc.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

|  |  |
|---|---|
| In re | Case No. 2:22-bk-15668-VZ |
| | Chapter 11 |
| SPECIAL UNIT SECURITY INC., | |
| Debtor and Debtor-in-Possession. | **OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362; DECLARATION OF W. SLOAN YOUKSTETTER IN SUPPORT THEREOF** |
| | Date:   November 7, 2023 |
| | Time:   10:30 a.m. |
| | Place:  Courtroom 1368 |
| |            255 E. Temple Street |
| |            Los Angeles, CA 90012 |

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE; MOVANT, DEVONNAIR R. JOHNSON; AND ALL CREDITORS AND PARTIES IN INTEREST:**

Special Unit Security Inc., the "Debtor" and "Debtor-in-Possession" in the above-stated case, hereby opposes the *Motion for Relief from the Automatic Stay under 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM)* (the "Motion for Relief") [Docket No. 135] filed by Devonnair R. Johnson ("Movant"), as follows:

# I.  **INTRODUCTION**

The Debtor commenced this bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C. §101 et seq. (the "Bankruptcy Code") on October 18, 2022.  The Debtor made the *small business debtor* election under subchapter V on the petition.

Gregory Jones was appointed the subchapter V trustee ("Trustee") on October 19, 2022 [Docket No. 4].

# II.  **RELIEF SOUGHT BY MOVANT**

The Movant seeks relief from the stay to continue the state court litigation, *Devonnair R. Johnson v. Special Unit Security, Inc., et al*, Case No. 19STCV21731 (the "Litigation").

On December 27, 2022, the Movant filed a proof of claim ("POC") No. 6, in the amount of $500,000 (the "Claim").  The Claim relates to the Litigation.

However, the Debtor filed an *Objection to Proof of Claim No. 6 Filed by Devonnair R. Johnson* on June 9, 2023 (the "Objection") [Docket No. 83].  The Debtor served the Movant's counsel on or about June 9, 2023, at the following address:

> Devonnair R. Johnson
> c/o Justice Turner & Yana Henriks
> McMurray Henriks, LLP
> 811 Wilshire Boulevard, Suite 1640
> Los Angeles, CA 90017

The Movant provided this address in his POC No. 6 as "Where should notices to the creditor be sent?"  *See* POC No. 6, pg. 1, Part 1, ¶3.

Attached as **Exhibit "A"** and incorporated herein is the Certificate of Service Declaration of Mailing from BK Attorney Services, LLC d/b/a certificateofservice.com.

The Movant did not oppose or respond to the Objection within the deadline set forth in Local Bankruptcy Rule ("LBR") 9013-1(f)(1).  As such, the Court entered in order disallowing the Claim in full on August 7, 2023 ("Disallowance Order") [Docket No. 110].

RHM LAW LLP

Attached as **Exhibit "B"** and incorporated herein is the Disallowance Order.  As of the filing of this Opposition, the Movant has not moved to vacate the Disallowance Order.

The Claim was disallowed by Court order and thus, the Movant does not hold a claim against the estate.  Therefore, there is nothing left to do in the Litigation.

## III.    ARGUMENT

*A.    Movant Does Not Hold a Claim Against the Estate and Is Not a Creditor*

Pursuant to 11 U.S.C. §101(5), the term "claim" means:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

Pursuant to 11 U.S.C. §101(10)(A), the term "creditor" means "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor."

Here, the Movant's Claim has been fully adjudicated in this Court pursuant to the Disallowance Order.  Thus, the Movant does not hold a claim against the estate, and he is not a creditor of the estate.

*B.    Relief should not be granted pursuant to section 362(d)(1)*

Pursuant to 11 U.S.C. §362(a)(1), the filing of a petition under §301 operates as a stay to the continuation of a judicial action or proceeding against the debtor that was commenced before the filing of this bankruptcy case to recover a claim against the debtor that arose before the commencement of this case.  Thus, the stay applies to the Litigation.

Section 362(b) enumerates twenty-nine (29) exceptions to the automatic stay pursuant to §362(a).  The Debtor does not believe that the Litigation falls within any of the twenty-nine exceptions.

RHM LAW LLP

1    Section 362(d) states, in pertinent part, as follows:

2        (d) On request of a party in interest and after notice and a hearing, the court
3        shall grant relief from the stay provided under subsection (a) of this section,
         such as by terminating, annulling, modifying, or conditioning such stay—

4            (1) for cause…

5    The term "party in interest" is not defined in the Bankruptcy Code.  *In re*

6    *Kronemyer*, 405 B.R. 915, 919 (B.A.P. 9th Cir. 2009).  Status as "a party in interest" under

7    § 362(d) "must be determined on a case-by-case basis, with reference to the interest

8    asserted and how [that] interest is affected by the automatic stay." *Id.*; *see In re*

9    *Woodberry*, 383 B.R. 373, 378 (Bankr. D.S.C. 2008).

10       What constitutes "cause" for granting relief from the automatic stay is decided on a

11   case-by-case basis.  *In re Kronemyer*, 405 B.R. 915, 921 (9th Cir. BAP 2009); *see*

12   *Christensen v. Tucson Estates, Inc.* (*In re Tucson Estates, Inc.*), 912 F.2d 1162, 1166 (9th

13   Cir. 1990); *Piombo Corp. v. Castlerock Props.* (*In re Castlerock Props.*), 781 F.2d 159,

14   163 (9th Cir. 1986).

15       Among factors appropriate to consider in determining whether relief from the

16   automatic stay should be granted to allow state court proceedings to continue are

17   considerations of judicial economy and the expertise of the state court.  *In re Kronemyer*,

18   405 B.R. at 921.  *See MacDonald v. MacDonald* (*In re MacDonald*), 755 F.2d 715, 717

19   (9th Cir. 1985) (as well as prejudice to the parties and whether exclusively bankruptcy

20   issues are involved); *see Ozai v. Tabuena* (*In re Ozai*), 34 B.R. 764, 766 (9th Cir. BAP

21   1983).

22       The 9th Circuit Bankruptcy Appellate Panel (the "BAP") adopted the factors in *In*

23   *re Curtis* as nonexclusive factors to consider in deciding whether to grant relief to allow

24   pending litigation to continue in another forum.  *In re Kronemyer*, 405 B.R. at 921; *see In*

25   *re Curtis*, 40 B.R. 795, 799-800 (Bankr.D.Utah 1984).  Not all the factors are relevant, and

26   some factors will carry more weight.  *In re Plumberex Specialty Products, Inc.*, 311 B.R.

27   551, 560 (Bankr. C.D. 2004).

28

RHM LAW LLP

1    The *Curtis* factors are:

2    -    Whether the relief will result in a complete or a partial resolution of the issues.

3    -    The lack of any connection with or interference with the bankruptcy case.

4    -    Whether the foreign proceeding involves the debtor as a fiduciary.

5    -    Whether a specialized tribunal has been established to hear the particular cause of

6         action and whether that tribunal has the expertise to hear such cases.

7    -    Whether the debtor's insurance carrier has assumed full financial responsibility for

8         defending the litigation.

9    -    Whether the action essentially involves third parties, and the debtor functions only

10        as a bailee or conduit for the goods or proceeds in question.

11   -    Whether the litigation in another forum would prejudice the interests of other

12        creditors, the creditors' committee and other interested parties.

13   -    Whether the judgment claim arising from the foreign action is subject to equitable

14        subordination under §510(c).

15   -    Whether movant's success in the foreign proceeding would result in a judicial lien

16        avoidable by the debtor under §522(f).

17   -    The interests of judicial economy and the expeditious and economical determination

18        of litigation for the parties.

19   -    Whether the foreign proceedings have progressed to the point where the parties are

20        prepared for trial.

21   -    The impact of the stay on the parties and the balance of hurt.

22        Here, the Movant cannot satisfy the *Curtis* factors in order to continue the Litigation

23   in state court, as follows:

24   ///

25   ///

26   ///

27   ///

28

1.   <u>Whether the relief will result in a complete or a partial resolution of the issues.</u>

Here, the Movant's Claim has been fully adjudicated in this Court pursuant to the Disallowance Order.  Thus, the Movant does not hold a claim against the estate, and he is not a creditor of the Debtor.  Therefore, there is nothing left to do in the Litigation.

Thus, this factor weighs against granting relief.

2.   <u>The lack of any connection with or interference with the bankruptcy case.</u>

"The most important factor in determining whether to grant relief from the automatic stay to permit litigation against the debtor in another forum is the effect of such litigation on the administration of the estate." *In re Curtis*, 40 B.R. at 806.

Here, the Litigation clearly interferes with the bankruptcy case.  As shown in Section III.B.4, the allowance or disallowance of claims against the estate is a core proceeding under the Bankruptcy Code.  26 U.S.C. §157(b)(2)(B).  The Debtor filed a timely Objection to the Movant's Claim, but the Movant failed to respond or defend himself in the matter.  As a result, the Court appropriately entered the Disallowance Order.  Therefore, allowing relief now for the state court to enter a judgment would directly conflict with the Disallowance Order and the Supremacy Clause.

Thus, this factor weighs against granting relief.

3.   <u>Whether the foreign proceeding involves the debtor as a fiduciary.</u>

The third factor is not applicable here.

///
///
///
///

RHM LAW LLP

**6**

4.    <u>Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases.</u>

Pursuant to 26 U.S.C. §157(b),

(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments

(2) Core proceedings include, but are not limited to—

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11

This Court has authority to adjudicate claims pursuant to 11 U.S.C. §502(b) as because the allowance or disallowance of claims is a core proceeding under the Bankruptcy Code.  Here, the Movant filed his POC No. 6 and thus, he consented to the jurisdiction of the Bankruptcy Court.  As explained previously, the Debtor filed its Objection and the Court entered the Disallowance Order.  As such, the Movant's Claim has been fully adjudicated in this Court pursuant to the Disallowance Order.

Thus, this factor weighs against granting relief.

5.    <u>Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation.</u>

The fifth factor is not applicable here.

///
///
///
///
///
///

**RHM LAW LLP**

7

6.    Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question.

As shown in the complaint attached to the Motion for Relief, the Debtor is an indispensable party to the Litigation as all the causes of action involve the Debtor.  *See* Motion for Relief, Docket No. 135-1.

Thus, this factor weighs against granting relief.

7.    Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties.

Based on the Disallowance Order, creditors of the estate could have reasonably relied on and believed that the Movant abandoned his claims against the estate.  The allowance of this claim, $500,000 per POC No. 6, would potentially dissipate and/or substantially reduce the distribution to the general unsecured creditors.  Without this Claim, the other creditors will and should receive a larger distribution.

Further, any litigation is potentially expensive.  The Debtor would need to extend additional resources to continue to litigate, including any appeals.

Thus, this factor weighs against granting relief.

8.    Whether the judgment claim arising from the foreign action is subject to equitable subordination under §510(c).

The eighth factor is not applicable here.

9.    Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under §522(f).

The ninth factor is not applicable here.

RHM LAW LLP

**8**

10. <u>The interests of judicial economy and the expeditious and economical determination of litigation for the parties.</u>

The stay has been in place since October 18, 2022, and the Movant timely filed his Claim on December 27, 2022.

In the Motion for Relief, the Movant provides no information about any pending trial, only stating "TBD (vacated pending stay)" and "Trial was due to begin shortly after the bankruptcy was filed." *See* Motion for Relief, Declaration of Yana G. Henriks, pg. 6, ¶5.d. and pg. 7, ¶6.d.2.  The Movant simply gives no indication as to the timeline, whether a trial was scheduled in a few days, a week, or six months.

Nonetheless, the Debtor timely filed the Objection, and the Claim has been resolved.  The Movant had every opportunity to seek relief before the Objection was filed in June 2023.  The case had been pending for about eight months at that point.  In fact, the Movant waited nearly a year after the case was filed to seek relief.

Thus, this factor weighs against granting relief.

11. <u>Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.</u>

As stated in the previous section, the Movant does not submit any definitive evidence that the Litigation had progressed to the point where the parties were prepared for trial, such as attaching a scheduling order from the state court.  The burden is on the moving party to provide evidence that there is cause to grant relief.

Thus, this factor weighs against granting relief.

12. <u>The impact of the stay on the parties and the balance of hurt.</u>

The Movant filed his Motion for Relief more than nine months after he filed his Claim; more than four months after the Debtor filed the Objection; more than two months after the Court entered the Disallowance Order.  After radio silence for nearly a year, the

**RHM LAW LLP**

**9**

1  Debtor will be forced to incur significant administrative fees to litigate the Litigation when

2  it reasonably believed that the Movant had abandoned his alleged claims against the estate.

3  This is substantially prejudicial to the Debtor.

4       On the other hand, any prejudice to the Movant was self-inflicted by his inaction.

5  The Movant gives no explanation as to why he waited to file this motion or why he failed

6  to timely oppose the Objection in the first place.

7       Thus, this factor weighs against granting relief.

8

9       Taken as a whole, the *Curtis* factors weigh against granting relief.

10

11  **IV.    CONCLUSION**

12       WHEREFORE, for the reasons set forth herein, Debtor respectfully requests that

13  this Court deny the Motion for Relief.

14

15  Dated:  October 24, 2023          **RHM LAW LLP**

16

17       **By:** _/s/ Roksana D. Moradi-Brovia_
     **Roksana D. Moradi-Brovia**

18       **W. Sloan Youkstetter**
     *Attorneys for Debtor*

19       Special Unit Security Inc.

20

21

22

23

24

25

26

27

28

**RHM LAW LLP**

**10**

## <u>DECLARATION OF W. SLOAN YOUKSTETTER</u>

I, W. Sloan Youkstetter, declare as follows:

1.      I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently with respect thereto.  Where facts are alleged upon information and belief, I believe them to be true.

2.      I am an attorney at law licensed in the State of California.  I am admitted to practice in all the Courts of the State of California and am admitted to practice before the District Court of the Central District of California, and before this Court.

3.      I am associate attorney with RHM LAW LLP ("RHM") and it is counsel of record for Special Unit Security Inc., the "Debtor" and "Debtor-in-Possession" herein.

4.      The Debtor commenced this bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C. §101 et seq. (the "Bankruptcy Code") on October 18, 2022. The Debtor made the *small business debtor* election under subchapter V on the petition.

5.      Gregory Jones was appointed the subchapter V trustee ("Trustee") on October 19, 2022 [Docket No. 4].

6.      Devonnair R. Johnson ("Movant") filed a *Motion for Relief from the Automatic Stay under 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM)* (the "Motion for Relief") [Docket No. 135].  I have reviewed the Motion for Relief.

7.      The Movant seeks relief from the stay to continue the state court litigation, *Devonnair R. Johnson v. Special Unit Security, Inc., et al*, Case No. 19STCV21731 (the "Litigation").

8.      On December 27, 2022, the Movant filed a proof of claim ("POC") No. 6, in the amount of $500,000 (the "Claim").  The Claim relates to the Litigation.  I have reviewed the claims register and POC No. 6.

RHM LAW LLP

**11**

9.      The Debtor filed an *Objection to Proof of Claim No. 6 Filed by Devonnair R. Johnson* on June 9, 2023 (the "Objection") [Docket No. 83].  I prepared the Objection.

10.     The Debtor served the Movant's counsel on or about June 9, 2023, at the following address:

> Devonnair R. Johnson
> c/o Justice Turner & Yana Henriks
> McMurray Henriks, LLP
> 811 Wilshire Boulevard, Suite 1640
> Los Angeles, CA 90017

11.     The Movant provided this address in his POC No. 6 as "Where should notices to the creditor be sent?"  *See* POC No. 6, pg. 1, Part 1, ¶3.

12.     RHM, in its regular course of business, uses BK Attorney Services, LLC d/b/a certificateofservice.com (the "Server") to mail all its pleadings to creditors and/or parties in interest.  RHM submits to the Server on its secured website a list of parties and addresses for each pleading to be mailed.  Once the pleading has been mailed, the Server sends RHM by email a Certificate of Service Declaration of Mailing.  The certificate is signed under the penalty of perjury by the representative for the Server stating the pleadings had been mailed to the parties on the attachment.

13.     Although I did not submit the information to the Server for the Objection, I regularly do for other pleadings and the process is always the same.

14.     Attached as **Exhibit "A"** is a true and correct copy of the Certificate of Service Declaration of Mailing for the Objection emailed to RHM from BK Attorney Services, LLC d/b/a certificateofservice.com.

15.     The Movant did not oppose or respond to the Objection within the deadline set forth in Local Bankruptcy Rule ("LBR") 9013-1(f)(1).  I checked the "Summary of ECF Activity" daily during the applicable period to see whether an opposition or a response was filed to the Objection.

RHM LAW LLP

16.    As such, the Court entered in order disallowing the Claim in full on August 7, 2023 ("Disallowance Order") [Docket No. 110].  Attached as **<u>Exhibit "B"</u>** is a true and correct copy of the Disallowance Order.  I reviewed the Disallowance Order.

17.    I checked the docket and as of the filing of this Opposition, the Movant has not moved to vacate the Disallowance Order.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on October 24, 2023, at Los Angeles, California.

SEE NEXT PAGE
W. Sloan Youkstetter

**RHM LAW LLP**

**13**

1       16.    As such, the Court entered in order disallowing the Claim in full on August

2  7, 2023 ("Disallowance Order") [Docket No. 110].  Attached as **Exhibit "B"** is a true and

3  correct copy of the Disallowance Order.  I reviewed the Disallowance Order.

4       17.    I checked the docket and as of the filing of this Opposition, the Movant has

5  not moved to vacate the Disallowance Order.

6

7       I declare under penalty of perjury pursuant to the laws of the United States of

8  America that the foregoing is true and correct.

9

10       Executed on October 24, 2023, at Los Angeles, California.

11

12

13                                                                                           W. Sloan Youkstetter

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RHM LAW LLP

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| IN RE: | CASE NO: 2:22-bk-15668-VZ |
| SPECIAL UNIT SECURITY, INC. | **DECLARATION OF MAILING** |
| | **CERTIFICATE OF SERVICE** |
| | Chapter: 11 |
| | ECF Docket Reference No. 83 |

On 6/9/2023, I did cause a copy of the following documents, described below,

Notice of Objection and Debtor's Objection to Proof of Claim No. 6 filed by Devonnair R Johnson ECF Docket Reference No. 83

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 6/9/2023

/s/ Roksana D. Moradi-Brovia
Roksana D. Moradi-Brovia  266572
Attorney for Debtor
RHM LAW, LLP
17609 Ventura Blvd. Suite 314
Encino, CA  91316
818 381 0100
max@rhmfirm.com

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

IN RE:

SPECIAL UNIT SECURITY, INC.

CASE NO: 2:22-bk-15668-VZ

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 11
ECF Docket Reference No. 83

On 6/9/2023, a copy of the following documents, described below,

Notice of Objection and Debtor's Objection to Proof of Claim No. 6 filed by Devonnair R Johnson ECF Docket Reference No. 83

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 6/9/2023

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Roksana D. Moradi-Brovia
RHM LAW, LLP
17609 Ventura Blvd. Suite 314
Encino, CA  91316

USPS FIRST CLASS MAIL SERVICE LIST
Parties whose names are struck through were not served via First Class USPS Mail Service.

SPECIAL UNIT SECURITY INC.
1457 W. EL SEGUNDO BLVD.
COMPTON, CA 90222

DEVVONNAIR R. JOHNSON
C/O JUSTICE TURNER & YANA HENRIKS
MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

DEVVONNAIR R. JOHNSON
C/O RENE M. MALDONADO, ESQ.
1801 CENTURY PARK E, STE 840
LOS ANGELES, CA 90067-2349

COURT'S LIST OF GENERATED (NOTICE) DOCUMENTS:

(U.S. Trustee)
United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
represented by:
Kelly L Morrison
Office of the US Trustee
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017

kelly.l.morrison@usdoj.gov

Matthew D. Resnik
RHM Law LLP
17609 Ventura Blvd., Suite 314
Encino, CA 91316

Matt@rhmfirm.com

(Debtor)
Special Unit Security Inc.
1457 W. El Segundo Blvd.
Compton, CA 90222
Tax ID / EIN: 46-3505498
represented by:
Roksana D. Moradi-Brovia
RHM Law LLP
17609 Ventura Blvd., Suite 314
Encino, CA 91316

Roksana@rhmfirm.com

(Trustee)
Gregory Kent Jones (TR)
Stradling Yocca Carlson & Rauth
10100 N. Santa Monica Blvd., Suite
1400
Los Angeles, CA 90067

gjones@sycr.com

# EXHIBIT "B"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Roksana D. Moradi-Brovia (Bar No. 266572)<br>W. Sloan Youkstetter (Bar No. 296681)<br>**RHM LAW LLP**<br>17609 Ventura Blvd., Suite 314<br>Encino, CA 91316<br>Telephone: (818) 285-0100<br>Facsimile: (818) 855-7013<br>roksana@RHMFirm.com<br>sloan@RHMFirm.com | **FILED & ENTERED**<br><br>**AUG 07 2023**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY carranza  DEPUTY CLERK |

☐ *Debtor(s) appearing without attorney*
☒ *Attorney for*: Debtor

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -*LOS ANGELES* DIVISION**

| In re:<br><br>Special Unit Security Inc. | CASE NO.: 2:22-bk-15668-VZ<br>CHAPTER: 11 |
|---|---|
| | **ORDER ON OBJECTIONS TO CLAIMS** |
| | DATE: July 11, 2023<br>TIME: 11:00 a.m.<br>COURTROOM: 1368<br>PLACE: 255 E. Temple Street<br>          Los Angeles, CA 90012 |
| Debtor(s). | |

The Debtor or trustee having filed objections to certain claims, the court having considered the evidence and argument presented in support and in opposition to such objections, if any, and good cause appearing, the court makes the following ruling as to the objections to claims:

*(**NOTES FOR USE OF THIS FORM**: List claims in ascending numerical order based upon the clerk's claim number.  Use a separate box below for each claim.  Attach as many continuation pages as are necessary.)*

---

Calendar Number: 7          Claim Number: 6          Claim Amount: $500,000

Claimant Name: Devonnair R. Johnson

☒ Disallowed  ☐ Allowed    ☐ Unsecured: $         ☐ Priority: $
Comments:

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| Calendar Number: | Claim Number: | Claim Amount: $ |
|---|---|---|
| Claimant Name: | | |
| ☐ Disallowed  ☐ Allowed | ☐ Unsecured: $ | ☐ Priority: $ |
| Comments: | | |

###

Date: August 7, 2023

Vincent P. Zurzolo
United States Bankruptcy Judge

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2013                    Page 2                    F 3007-1.1.ORDER.OBJ.CLAIM

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

17609 Ventura Blvd., Suite 314, Encino, CA 91316.

A true and correct copy of the foregoing document entitled (*specify*): _____
OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362;
DECLARATION OF W. SLOAN IN SUPPORT THEREOF

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
10/24/2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/24/2023 | W. Sloan Youkstetter | /s/ W. Sloan Youkstetter |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) [CONTINUED]**</u>:

- <u>Counsel for Devonnair Johnson</u>:  Yana G Henriks     yhenriks@law-mh.com, rmcmurray@law-mh.com;sridgill@law-mh.com;ndilts@law-mh.com;cpinto@law-mh.com;dpham@law-mh.com;lburdeos@law-mh.com;paralegal@law-mh.com;apham@law-mh.com;dgharibian@law-mh.com
- <u>Subchapter V Trustee</u>: Gregory Kent Jones (TR)     gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
- <u>Counsel for Debtor</u>: Roksana@rhmfirm.com, matt@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
- <u>Counsel for US Trustee</u>: Kelly L Morrison     kelly.l.morrison@usdoj.gov
- <u>Counsel for DOL</u>:  Nisha Parekh     parekh.nisha@dol.gov
- <u>Counsel for Debtor</u>: Matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov